UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD VANDENBOSS #312382,
DAWN VANDENBOSS,

        Plaintiffs,

vs.

Case No. 04-74350

HON. GEORGE CARAM STEEH

PATRICIA CARUSO, J. COURIER,

        Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND ORDERING DISMISSAL OF CASE

      This matter is one in which *pro se* plaintiffs Harold Vandenboss, a prisoner in the custody of the Michigan Department of Corrections, and his wife, Dawn Vandenboss, complain of First and Fourteenth Amendment violations stemming from visitation prohibitions which they allege were based on a false, retaliatory charge by a prison officer, and due process violations regarding Vandenboss' major misconduct hearing on that charge[1]. Plaintiffs complaint, filed under 42 U.S.C. § 1983, named two defendants in their individual and official capacities. Shortly before Plaintiffs filed a motion for preliminary injunction, this case was transferred from the Western District of Michigan. As provided by 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(2), the case was assigned to Magistrate Judge Pepe for a report and recommendation on Plaintiffs' civil

---

[1] There is no indication that defendants were ever served.

rights complaint and motion for preliminary injunction[2].  Magistrate Judge Pepe has filed his report, in which he recommends denying the request for preliminary injunction and sua sponte dismissal of the claims set forth in the complaint.

Specifically, he recommends dismissal without prejudice of Harold Vandenboss' claims against defendants Patricia Caruso and J. Courier, for reason of plaintiff's failure to exhaust administrative remedies as to these defendants. Magistrate Judge Pepe found that Dawn Vandenboss lacks standing to bring suit under section 1983 for constitutional torts involving the rights of another, and any due process claim she asserts would fail, as would Harold Vandenboss', because to the extent Plaintiffs argue Harold Vandenboss' conviction of a major misconduct violation was invalid, that type of claim is not properly brought in a section 1983 action because a finding in favor of plaintiffs would indirectly affect the date of prisoner's release. Magistrate Judge Pepe recommends denying Plaintiffs' application for preliminary injunction because preliminary relief is not appropriate where plaintiffs would not succeed on the merits of the case.

In Magistrate Judge Pepe's report and recommendation, filed April 6, 2005, the conclusion section clearly stated that objections to his report and recommendation were to be filed within 10 days of service of a copy thereof.  28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b).  However, plaintiffs have filed no objections to the report and recommendation to date.  The failure to file such objections waives a party's right to further appeal.  Howard v. Secretary of Health & Human Services, 932 F.2d 505 (6th Cir.

---

[2] The relief sought in the preliminary injunction motion, removal of visitation prohibition, is the same as sought in the complaint.

1991).  *Also see* U.S. v. Campbell, 261 F.3d 628, 631-32 (6th Cir. 2001) (citing Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), *aff'd* 474 U.S. 140 (1985)).

In this matter the court has considered the file, arguments of the plaintiffs, and the report and recommendation of the magistrate judge, with which the court is in full agreement.  Being fully advised in the premises, and for the reasons stated in the well-developed report and recommendation of Magistrate Judge Pepe, plaintiff's motion for preliminary injunction is hereby DENIED, and all pending claims are DISMISSED as stated therein. Therefore,

IT IS ORDERED that the magistrate judge's report and recommendation is accepted as the findings and conclusions of this court.  Accordingly, plaintiff's complaint is dismissed in its entirety and judgment will enter for the defendants.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  July 5, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 5, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

3